24,422-02

Writ No: W92-33579-W(B)

| | | |
|---|---|---|
| Ex Parte | § | In The 363Rd Judicial |
| | § | District Court |
| Ricky Thomas | § | Dallas County, Texas |

Applicant's Admission and Objection
To State's Findings of Facts,
Conclusions of Law

Applicant Admits on April 22, 1992, he was found guilty by jury, for burglary of habitation and the trial court sentenced him to Thirty-five years Confinement.

February 8, 2003 Applicant made parole.

On July 20, 2010 Applicant was arrested and convicted for 3 new offenses in Dallas County Texas And this Applicant parole was subsequently revoked. Applicant will point out nothing in this sequence of events shifts judicial powers from sentencing Judge to T.D.C.J or any other branch there of.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

Note:
This Humble Applicant will offer that the HONORABLE SUSAN HAWK - District ATTORNEY AND the HONORABLE GRACE E. Shin, - Assistant District Attorney of Dallas County, Texas are experts in the Science of Law. So in the State's Conclusion where Susan Hawk and Grace E. Shin Agree to recommend the denial of this Applicants Application for Writ of HABEAS Corpus, they Know or should Know what they are asking this Honorable Court for is contrary to well established Texas and Federal Laws, And their request should be denied.

This applicant will Now ARGUE that T.D.C.J. ID NOR does the T.D.C.J. - Parole Board IN Any way hold A Judicial Seat. Therefore, they cannot ever make Judicial Rulings over see Court Proceedings or ever have Jurisdiction over A Person or subject, So, Anything they do to tamper with A District Court Judge's Judicial Orders are Void.

In Ex Parte Seidel 39 S.W. 3d 221 (Tex. Crim. App. 2001) Judicial Function performed by one without Any Authority to Act maybe "Void." A Void judgment is A Nullity from the beginning and is attended by None of the consequences of a valid judgment. It is entitled to No Respect, impair or create legal Rights.
Ex Parte Spaulding 687 S.W. 2d 741, 745.

T.D.C.J.-ID and its Parole Board is a Correctional Service Administrator and Nothing more. They "Should Not" in anyway assume the duties of a District Court Judge and under no circumstance ever alter the terms of Duration for a Sentence past down by a Presiding District Court Judge.

When a sentence is imposed by the sentencing Judge is purportedly altered to reflect something other than the sentence imposed. The source of that alteration is immaterial; Whether it is the correctional service administrator or the operation of the State Law that works the alteration.

The alteration is of "No Effect."

Earley v. Murray 462 F. 3d 147 (2nd Cir. 2006)

The RECORD is clear this Applicant's 35 year sentence was altered by T.D.C.J.'s Parole Board in violation of clearly established Supreme Court Rulings And the Tex. Crim. Proc. Code Art. 42.01 in that it alter's The Judgment And Sentence After the Judge's Order has became Final.

Nesbit V. State 175 S.W.3d. 565 (Tex App. Dallas 2005) United States V. Marquez 506 F. 2d. 620,622 (2nd Cir. 1974) And further violates this Applicants rights to Dur Process And Dur Course of Law of both the Texas And United State's Constitution.

In conclusion, it is clear that T.D.C.J. As A Correctional Service Administrator has over stepped it's Rights and or powers As spelled out in clearly established Texas and Federal Case Law and unlawfully Altered And Extended this Applicants 35 year sentence. And for this Reason this Applicant Ask this Honorable Court for the Relief Requested.

PRAYER,

Wherefore, Premises, Considered this Applicant prays that this Honorble Court finds that their ARE Controverted unresolved facts material the the legality of the Applicants confinement, that there is a great necessity for a fact finding hearing As there is ample evidence in the record for the Court to rule on relief sought that the court entered finding of facts And Conclusions of Law have failed to carry its burden to dismiss this Applicant's Writ Application. This Honorable Court should act on Applicant's meritoriour claims, with out delay

Respectfully Submitted

Ricky Thomas

Ricky Thomas